In re: Willard Carlock, Sr. applying for writs of certiorari, prohibition, mandamus and for a stay order.
Writ denied. Article 682 of the Code of Criminal Procedure by clear implication invests in the Attorney General the authority of a district attorney in the prosecution when the trial judge notifies him of the recusal of the district attorney. Moreover, in the absence of a specific prohibition to that effect, an attorney employed under authority of article 63 of the Code of Criminal Procedure may continue his private practice.
CALOGERO, J., is of the opinion the writ should be granted. C.Cr.Pr. art. 682 does not by implication or otherwise invest in the attorney general authority of a district attorney in the prosecution when the trial judge notifies him of recusal of a district attorney. In such event Art. 682 simply imposes upon the attorney general the duty to appoint a district attorney of another district or a member of his staff to act in the place of a recused district attorney. Even in this latter event it is the substitute, the attorney general’s staff member, who has the power of the recused district attorney with reference to the case, not the attorney general. In this case the attorney whose recusal is sought is not a member of the attorney general’s staff, but rather by the attorney general’s own designation, simply special counsel. I believe the motion to recuse has merit.